**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
SECURITIES AND EXCHANGE
COMMISSION,

                         Plaintiff,                              **ORDER**

                  -against-                       **23-CV-10985 (LGS) (JW)**

LAURA TYLER PERRYMAN,

                        Defendant.
-------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On August 14, 2024, Laura Perryman ("Defendant") filed a notice of motion to stay both her deadline to answer the complaint and discovery pending the appeal of her criminal conviction. Dkt. No. 25. On August 20, 2024, the Securities and Exchange Commission ("SEC" or "Plaintiff") opposed the motion to stay. Dkt. No. 35.

Courts have the discretion to stay civil proceedings when they deem the interests of justice require such. In re Terrorist Attacks on Sept. 11, 2001, No. 03-MDL-1570 (FM), 2011 WL 5913526, at *4 (S.D.N.Y. Nov. 22, 2011), objections overruled, No. 02-CV-6977 (GBD), 2012 WL 104512 (S.D.N.Y. Jan. 11, 2012). When considering whether to stay civil proceedings pending a parallel criminal action, courts look the following six factor balancing test:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99 (2d Cir. 2012).

The first factor weighs in favor of a stay. The Parties agree that the facts of the civil and criminal cases are identical. Dkt. No. 31 at 4–5; Dkt. No. 35 at 7.

The second and fourth factors weigh against a stay in the civil proceedings. Defendant argues that because she asserted her fifth amendment right in the criminal action, she will be faced with either: "(1) testifying and potentially giving the DOJ information to use against her at a criminal trial; or (2) refusing to testify and facing an adverse inference here." Dkt. No. 31 at 6.

A defendant does not lose the right to assert their fifth amendment privilege until the resolution of a pending appeal. See Sec. & Exch. Comm'n v. Pence, 323 F.R.D. 179, 188 (S.D.N.Y. 2017) (collecting cases). However, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." Louis Vuitton, 676 F.3d at 98. Furthermore, "courts have found that civil cases should not be stayed while a criminal appeal is pending." U.S. Commodity Futures Trading Comm'n v. Lamarco, No. 2:17-CV-04087 (ADS) (AKT), 2018 WL 2103208, at *4 (E.D.N.Y. May 7, 2018) (collecting cases).

Here, Defendant has already been tried, convicted, and sentenced in the parallel criminal proceeding. See United States v. Perryman, No. 23-CR-117 (DLC) (S.D.N.Y.). While her criminal action is currently awaiting appeal, that alone is not enough to warrant a post-conviction stay of civil proceedings. See In re Terrorist Attacks, 2011 WL 5913526, at *5; Bucalo v. Town of Southampton, No. 14-CV-7050

(ADS) (ARL), 2016 WL 11673815, at *2 (E.D.N.Y. Apr. 22, 2016) ("Plaintiff's theory that a successful appeal may result in a new trial, at which her right against self-incrimination would reattach, is too speculative to justify another prolonged period of inactivity in this case.").

In analyzing the third factor, the Court considers both the private interests of the SEC in proceeding expeditiously and any potential prejudice to the SEC caused by possible stay. Defendant fails to make a cognizable argument for this factor. Plaintiff suggests that because it is federal agency tasked with overseeing the securities market, its interests are heightened. Dkt. No. 35 at 8 (citing Lamarco, 2018 WL 2103208, at *6.). Given, the SEC's interest in overseeing securities markets, and the unknown timeline of Defendant's appeal, the third factor weighs against granting a stay.

The fifth and sixth factors do not conclusively weigh in favor of either side. Defendant argues that because the civil trial is not "fast approaching," the "public's interest in the criminal appeal takes precedent." Dkt. No. 31 at 8. Defendant also asserts that continuing with the civil proceedings will lead to "lead to unnecessary disputes revolving around the refusal to provide discovery." Id. at 7. Plaintiff makes the blanket assertion that "in all cases, the Plaintiff, the Court, and the public have an interest in the expeditious resolution of its case." Dkt. No. 35 at 8 (citing Lamarco, 2018 WL 2103208, at *5.).

After considering the above, Defendant's motion to stay the civil proceeding is DENIED.

Defendant's current deadline to answer the complaint is September 3, 2024. Dkt. No. 19. However, on August 16, 2024, Defendant was granted an extension to surrender herself into custody until September 6, 2024, pending a motion for bond pending appeal. United States v. Perryman, No. 23-CR-117 (DLC) at Dkt. No. 150. The Second Circuit is scheduled to hear oral argument on Defendant's motion for bond pending appeal on September 3, 2024. Id. Considering the imminent oral argument and possible surrender, Defendant's deadline to answer or file a motion to dismiss is extended until September 17, 2024.

SO ORDERED.

DATED:   New York, New York
         August 30, 2024

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge