UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                          :
SECURITIES AND EXCHANGE       :
COMMISSION,                    :           23 Civ. 10985 (LGS)
                      Plaintiff,   :
                               :          OPINION AND ORDER
          -against-         :
                               :
LAURA TYLER PERRYMAN,      :
                     Defendant. :
----------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on December 19, 2023, Plaintiff filed a Complaint alleging that pro se

Defendant knowingly or recklessly made false and misleading statements to investors in

violation of section 10(b) the Securities Exchange Act of 1934 (the "Exchange Act") and Rule

10b-5, and section 17(a) of the Securities Act of 1933 (the "Securities Act").

      WHEREAS, on September 13, 2024, Defendant moved to dismiss the Complaint or

alternatively require Plaintiff to "include a more definitive statement on what exactly is the

violation of the statu[t]es they allege."  Defendant primarily argues that the Complaint fails to

state a claim and does not adequately allege venue.  Because Defendant proceeds pro se, her

submissions are liberally construed "to raise the strongest arguments that they suggest."  *Barnes*

*v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023).[1]

      WHEREAS, on October 11, 2024, Plaintiff filed its opposition to Defendant's motion to

dismiss.  On December 10, 2024, Defendant filed her reply in support of her motion to dismiss.

      WHEREAS, a court can resolve a Rule 12(b)(3) motion to dismiss for improper venue

before addressing personal jurisdiction.  *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and
citations are omitted, and all alterations are adopted.

Cir. 2001) ("The district court has th[e] power to transfer venue even if it lacks personal jurisdiction over the defendants."); *see Shorts v. Cedars Bus. Servs., LLC*, No. 24 Civ. 2787, 2024 WL 4486594, at *1 (S.D.N.Y. Sept. 6, 2024) (addressing motion to dismiss for improper venue before personal jurisdiction).

WHEREAS, a Rule 12(b)(3) motion to dismiss for improper venue allows "dismissal only when venue is 'wrong' or 'improper.'  Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013); *accord Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Wynn Las Vegas, LLC*, 509 F. Supp. 3d 38, 49 (S.D.N.Y. 2020).  Where a "court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of venue." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005); *accord Kaplan Grp. Invs. LLC v. A.S.A.P. Logistics Ltd.*, 694 F. Supp. 3d 374, 383 (S.D.N.Y. 2023).  In determining whether a plaintiff has met its burden, a court must "view[] all facts in the light most favorable to the non-moving party." *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011); *accord Smart Shoppers NY LLC v. Tylers Coffee LLC*, No. 22 Civ. 4969, 2024 WL 113731, at *3 (S.D.N.Y. Jan. 10, 2024).

WHEREAS, when venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  In such circumstances, "it generally lies within the sound discretion of the district court to decide whether dismissal or transfer is appropriate."  *Kim v. Saccento*, No. 21-2865, 2022 WL 9583756, at *1 (2d Cir. Oct. 17, 2022) (summary order).

WHEREAS, the Complaint alleges venue pursuant to section 22(a) of the Securities Act and section 27(a) of the Exchange Act.  Section 22(a) of the Securities Act provides that an

action under the statute "may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein . . . ."  15 U.S.C. § 77v(a).  Similarly, Section 27(a) of the Exchange Act provides that venue is proper "in the district wherein the defendant is found or is an inhabitant or transacts business . . . ."  *Id.* § 78aa(a).

WHEREAS, the Complaint fails to "make a prima facie showing of venue."  *Gulf Ins. Co.*, 417 F.3d at 355.  The Complaint relies on two sentences to allege venue.  The first states that "[a]cts, transactions, practices, and courses of business that form the basis for the violations alleged in this complaint occurred in this District."  The second provides two examples of those acts: (1) the "offer[ing] and [selling of] securities" to "an investor . . . based in this District" and (2) the "solicit[ation] and [sale of]" Plaintiff's product to "doctors and medical practices located in this District," which "caused medical providers to seek reimbursement from health insurance programs."  These "vague and conclusory" statements, without more, are insufficient for this Court to find venue proper in this District.  *See Doe #1 v. JetBlue Airways Corp.*, No. 19 Civ. 1542, 2020 WL 4605216, at *5 (E.D.N.Y. Aug. 11, 2020) (finding conclusory allegations insufficient to support venue in statutory venue context); *Powell v. Monarch Recovery Mgmt., Inc.*, No. 15 Civ. 2162, 2016 WL 8711210, at *7 (E.D.N.Y. Jan. 22, 2016) (holding that "bare allegation that [d]efendants transact[ed] business in this District" was insufficient to "plead facts upon which th[e c]ourt . . . could determine whether venue was proper" in general venue context).

Plaintiff argues that the Complaint adequately pleads venue because it alleges that Defendant undertook "non-trivial act[s]" which "establish that [Defendant] transacted business in this District."  Plaintiff's venue arguments, limited to only two sentences, are vague and general. The Complaint does not identify the "investor" or "doctors and medical practices" alleged to be

located in this District.  The Complaint's "allegations are too vague and conclusory to satisfy

Plaintiffs' burden to establish venue."  *JetBlue Airways Corp.*, 2020 WL 4605216, at *5; *Abalu*

*v. Soc'y of Hum. Res. Mgmt.*, No. 24 Civ. 5917, 2025 WL 1019199, at *13 (S.D.N.Y. Apr. 4,

2025) (stating that "conclusory" allegations are insufficient to find venue).  Apart from these two

sentences, the Complaint makes no other mention of New York or this District.  It is hereby

ORDERED that Defendant's motion to dismiss is **GRANTED**.  The Complaint is

dismissed without prejudice to renewal.  By September 12, 2025, Plaintiff shall (1) file a letter

motion, not to exceed two pages, for leave to file an Amended Complaint, explaining how the

proposed Amended Complaint alleges facts sufficient to support venue consistent with law as

stated in this Opinion and (2) append to the letter motion a draft of the proposed Amended

Complaint marked to show changes from the original Complaint.  It is further

ORDERED that, by September 26, 2025, Defendant shall file a letter not to exceed two

pages.  The letter may (but is not required to) address whether Plaintiff should be permitted to

file the Amended Complaint.  The letter shall (i.e., must) also state whether, if the new venue

allegations are found to be sufficient, Defendant intends to renew her motion to dismiss as

applied to the Amended Complaint, and if so, whether she will rest on her original briefing in

support of her motion to dismiss the original Complaint or whether she wishes to file new

briefing seeking dismissal of the Amended Complaint.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 44.

Dated:  August 29, 2025
    New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

4