U.S. Securities and Exchange Commission
San Francisco Regional Office
44 MONTGOMERY STREET, SUITE 700
SAN FRANCISCO, CA 94104

September 11, 2025

**Via ECF**
Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square, New York, NY 10007

      RE:    *SEC v. Perryman*, No. 23 Civ 10985 (LGS) (JW)

Dear Judge Schofield:

      Pursuant to the Court's August 29, 2025 Opinion and Order (Dkt. No. 63), Plaintiff Securities and Exchange Commission ("SEC") respectfully requests leave to file a clean version of the redlined First Amended Complaint ("FAC") appended as Exhibit A.

      The FAC adequately pleads venue. Where, as here, a complaint asserts claims under both statutes, "[v]enue need only be proper under either the Securities Act or the Exchange Act for it to be proper for all claims…." *SEC v. Milton*, No. 21 Civ. 6445 (AKH), 2022 WL 3156180, at *6 (S.D.N.Y. Aug. 8, 2022). The Securities Act permits venue "in the district[] where the offer or sale took place, if the defendant participated therein…." 15 U.S.C. § 77v(a). Under the Exchange Act's broader language, venue lies "in the district wherein any act or transaction constituting the violation occurred." *Id.* § 78aa; *see also Blau v. Tool Rsch. & Eng'g Corp.*, 330 F. Supp. 1374, 1376 (S.D.N.Y. 1971) (finding § 78aa "surely a broader test of venue" than 28 U.S.C. § 1391(b)). That standard is satisfied by "[a]ny non-trivial act in the forum district which helps to accomplish a securities law violation;" to qualify, an act "need not constitute the core of the violation, but should be an important step in the fraudulent scheme." *Milton*, 2022 WL 3156180, at *6. Both venue provisions "should be liberally construed." *Id*.

      Here, the FAC alleges that as part of the Series D fundraising, which Defendant "actively promoted" and "personally participated" in (FAC ¶ 30), "Stimwave offered and sold securities in this District"—464,900 shares in May and August 2019, for approximately $10 million, to one investor based on "Broad Street in Manhattan" and another 46,490 shares in June 2019, for roughly $1 million, to another investor with an office on "East 52nd Street, also in Manhattan." *Id.* ¶ 13. The FAC further alleges that during the Series D fundraising, Defendant met with a representative of the East 52nd Street investor at an investment conference in Manhattan (*id.*); that beginning around July 2018 Stimwave employed a "New York City Territory Manager" who tried to sell Stimwave's fraudulent device to Manhattan-based physicians, including at a March 11, 2019 meeting and at a separate dinner meeting Defendant attended (*id.* ¶¶ 14-16); and that expense reports for some of those meetings were submitted from Manhattan, which Defendant personally approved (*id.* ¶ 16).

      These allegations are more than sufficient to support venue. The allegations about Stimwave's "offer and sale" of securities in this District, and Defendant's "participation therein," are sufficient, by themselves, to establish venue under the more restrictive provisions of the Securities Act. *See* 15 U.S.C. § 77v(a); *see also SEC v. e-Smart Tech., Inc.*, 926 F. Supp. 2d 231,

236 (D.D.C. 2013) (finding venue under § 77v(a) applying "twofold" question: "did an offer or sale take place"…."and did defendant participate in it?"). The allegations regarding the fundraising and sales activities in Manhattan also independently establish "non-trivial," venue-sustaining acts under § 78aa. *See, e.g., Milton*, 2022 WL 3156180, at *6 (finding that making misrepresentations via a "call or videocall into the District is a sufficient basis for establishing venue," even if defendant made statements from out of District); *Moon Joo Yu v. Premiere Power LLC*, No. 14 CIV. 7588 KPF, 2015 WL 4629495, at *5, n.5 (S.D.N.Y. Aug. 4, 2015) (same, where "false and fraudulent information" was provided at single meeting in Manhattan). Indeed, in convicting Defendant of wire fraud and health care fraud in a parallel case, *U.S. v. Perryman*, No. 23-Cr-0117-DLC (S.D.N.Y.) ("Crim. Case"), a federal jury recently found just some of the facts set forth in the FAC sufficient to establish venue under similar criminal venue provisions. *See* Crim. Case, Dkt. No. 121 at 1895-96 (giving venue charge).

Nor are the FAC's allegations conclusory. Although, to avoid potential reputational harm, the FAC does not identify uncharged parties by name, it provides many details, including: (i) as to investors, the amounts they spent, how many shares they bought and when, and the streets of their office locations; (ii) as to physicians, the nature of their practices and the dates (or date ranges) and circumstances of their meetings; and (iii) as to Stimwave, the title, tenure, training, and activities of its sales employee. These allegations are far more specific than those deemed inadequate in cases this Court cited. *See Doe #1 v. JetBlue Airways Corp.,* No. 19CV1542, 2020 WL 4605216, at *4 (E.D.N.Y. Aug. 11, 2020) (venue "strictly governed" by statute laying venue where "employment practice" occurred; plaintiff tried to "get around" fact that events happened elsewhere by alleging, without detail, a "pattern and practice" emanating from defendant's headquarters); *Powell v. Monarch Recovery Mgmt., Inc*., No. 15-CV-2162 (MKB), 2016 WL 8711210, at *7 (E.D.N.Y. Jan. 22, 2016) (complaint alleged only that "Defendants, and each of them, regularly conduct business in this judicial district"); *Abalu v. Soc'y of Hum. Res. Mgmt., Jennifer McCollum,* No. 24-CV-5917 (LJL), 2025 WL 1019199, at *13 (S.D.N.Y. Apr. 4, 2025) (finding no venue under section 1391(b) where plaintiff did not plead facts supporting conclusion that defendant "use[d]… plaintiff's intellectual property in this district").

The FAC's allegations are also more specific than those courts have found sufficient in other federal securities cases. *See SEC v. Contrarian Press*, LLC, No. 16-CV-6964 (VSB), 2017 WL 4351525, at *2 (S.D.N.Y. Sept. 29, 2017) (upholding venue where complaint generally alleged that "investors" purchased stock in the Southern District of New York; that "certain … stock promoters … were based in Manhattan"; and that "payments…were made to at least one promoter through an account in New York City"); *SEC v. Morton*, No. 10 CIV. 1720 LAK MHD, 2011 WL 1344259, at *13 (S.D.N.Y. Mar. 31, 2011) (deeming sufficient allegation that Defendants solicited "investors" at in-district conference "in October 2006").

Accordingly, the SEC respectfully requests leave to file the FAC.

Respectfully submitted,

*/s/ Yoona Kim*
Jason M. Bussey
Yoona Kim
*Attorneys for Plaintiff Securities and Exchange Commission*