U.S. Securities and Exchange Commission
San Francisco Regional Office
44 MONTGOMERY STREET, SUITE 700
SAN FRANCISCO, CA 94104

**VIA ECF** **October 16, 2026**

Hon. Jennifer E. Willis
United States Magistrate Judge
Southern District of New York
40 Foley Square, New York, NY 10007

**Re: SEC v. Perryman, No. 23-cv-10985 (LGS) (JW)**

Dear Judge Willis:

Plaintiff Securities and Exchange Commission ("SEC") respectfully requests entry of the proposed Protective Order attached as Exhibit A.

As the Court previously authorized (Dkt. 93), the SEC has served third-party subpoenas seeking discovery relevant to the SEC's request for disgorgement in this action. Several third parties have produced responsive materials. However, one, Curonix LLC, has advised that it does not wish to produce responsive documents absent entry of a protective order.

The proposed Protective Order, which follows this Court's Model Protective Order, is narrowly tailored to permit discovery while ensuring that confidential information is appropriately protected. [1] It does not require filing documents under seal; rather, it establishes procedures for designating materials as confidential and for seeking sealing relief where necessary under the Court's rules.

Before seeking relief from the Court, the SEC met and conferred with Defendant (who is incarcerated) via letter. On September 24, 2026, the SEC sent Defendant a proposed stipulation and protective order and requested her agreement to its entry. See Ex. C. Defendant subsequently advised that she did "not wish to have a protective order, mark anything confidential, nor will I file anything under seal" and did not agree to entry of one. Ex. D. She further stated that she does not agree to entry of a protective order because, in her view, if the SEC may review a document, then "the entire world" should be able to as well. *Id*.

---

[1] As reflected in the redline attached as Exhibit B, the changes the SEC has made to the Court's Model Protective Order account for Defendant's pro se status and the fact that the proposed Protective Order would not be entered pursuant to stipulation.

Defendant separately sent the SEC a letter on September 25, 2026 regarding a purported motion to quash the SEC's subpoena to Chase Bank. Ex. E. The SEC's Chase Bank subpoena commanded the documents be sent to Vienna, Virginia, in which district any motion to quash should have been filed. *See* Fed. R. Civ. P. 45(d)(3). Moreover, Chase Bank has already produced responsive materials to the SEC. The purported motion to quash also does not appear on this Court's docket.

Nevertheless, to the extent the Court is inclined to consider Defendant's objections as reflected in the attached motion and correspondence, entry of the proposed Protective Order addresses the principal concern she identifies: that the SEC's subpoenas implicate a "privacy interest" in personal banking records such that the Court should "enter a protective order" governing those materials. See Ex. F. The SEC does not object to treating documents produced by JPMorgan Chase and other subpoena recipients as "Confidential" under the proposed Protective Order. Although Defendant also appears to challenge the subpoenas on relevance grounds and objects to the temporal scope of the records sought, the Court previously authorized the SEC to subpoena records from Chase Bank and others "from approximately 2018 through 2020." Dkt. 93.

Accordingly, the SEC seeks entry of the attached Protective Order so that discovery may proceed in an orderly manner while protecting legitimate confidentiality interests. To the extent the Court deems it appropriate to consider Defendant's motion to quash, the SEC respectfully requests that the Court deny that motion.

Respectfully submitted,

/s/ Audrey Pak

**Audrey Pak**
Trial Counsel
Securities and Exchange
Commission

rom the model protective order
, 2026 (requesting stipulation to

The Court will ENTER the proposed protective order in a subsequent order. Protective orders are standard in litigation and will protect confidential information, such as Plaintiff's private banking information, from public disclosure. Now that the Protective Order is in place, the parties are **required** to follow it and place covered material under seal. Failure to do so could result in sanctions.

The Court did not receive Perryman's purported motion to quash SEC's subpoena to Chase Bank. In any case, Plaintiff's motion is DENIED as moot since Plaintiff's privacy concerns are resolved by the now-entered Protective Order and the Court found the scope and relevance of the subpoena appropriate in a previous order. See Dkt. No. 101. SO ORDERED.

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge
Octoer 19, 2026